UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL QUIRARTE<br><br>            Plaintiff,<br><br>v.<br><br>FCA US LLC<br><br>            Defendant. | Case No.:  20cv1034-LAB (AGS)<br><br>**ORDER REQURING SUPPLEMENTAL BRIEFING ON JURISDICTION** |

    Defendant removed this action from state court, citing diversity jurisdiction. Because the notice of removal did not adequate plead the parties' citizenship, the Court ordered Defendants to show cause why the case should not be remanded.

    Defendant has now filed its response, which partially addresses the Court's order to show cause, but leaves Plaintiff's citizenship uncertain. The major problem here is that Defendant is an alien, and has failed to address the Court's concern that Plaintiff may likewise be an alien, even if he is a permanent resident and domiciled in California.  *See Kanter v. Warner-Lambert*, 265 F.3d 853, 857 (9th Cir. 2001) (to be a citizen of a state for diversity purposes, a natural person must first be a U.S. citizen, and also must be domiciled in the state, rather than merely residing there); *Van Der Steen v. Sygen Int'l,* PLC, 464 F. Supp. 2d 931, 936–37 (N.D. Cal., 2006) (holding that a permanent resident alien domiciled in California

is not diverse from an overseas corporation). Most of the response is taken up with arguing that alleging his residence is enough to establish his state citizenship.

Only in the final paragraph of the response do they offer to address the issue of Plaintiff's national citizenship, if the Court grants them jurisdictional discovery. The response does not show that Defendant needs discovery, or that it has tried to obtain the information necessary to plead diversity without resorting to discovery. For example, neither the response nor the supporting declaration shows that Defendant's counsel has asked Plaintiff's counsel about Plaintiff's national citizenship. Plaintiff is of course under no obligation to plead jurisdictional facts or help Defendant litigate against him, but by the same token there seems little reason not to ask.

The Court is obligated to confirm its own jurisdiction, *sua sponte* if necessary. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). The Court must presume it lacks jurisdiction, until the party invoking the Court's jurisdiction proves otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). There is a "strong presumption" against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).

Within **14 calendar days of the date this order is issued**, Defendant must either file an amended notice of removal alleging <u>all</u> required jurisdictional facts, or else file an *ex parte* motion to take jurisdictional discovery. If it files a motion, Plaintiff may file an opposition within **7 calendar days**. No reply should be filed without leave. No hearing will be held unless the Court so orders.

/ / /

/ / /

/ / /

/ / /

If Defendant fails to comply with this order within the time permitted, this action will be remanded.

**IT IS SO ORDERED**.

Dated: June 29, 2020

_____
Honorable Larry Alan Burns
Chief United States District Judge